UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIANA TRUST,<br>        Plaintiff,<br>    v.<br>ROSALIE V. PANKEY, et al.,<br>        Defendants. | Case No. 15-cv-02217-DMR<br><br>**ORDER REASSIGNING CASE TO DISTRICT JUDGE; AND REPORT AND RECOMMENDATION TO GRANT IFP APPLICATION AND REMAND TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA** |

Defendants removed this case pursuant to 28 U.S.C. § 1441 from Superior Court of California, County of Contra Costa, where it was pending as a complaint for unlawful detainer against Defendants. The Notice of Removal states one basis for removal: that diversity exists between the parties and the amount in controversy exceeds $75,000. Notice of Removal [Docket No. 1] at 2. Defendants have also filed an application to proceed *in forma pauperis* ("IFP").

When a notice of removal is filed, the court must examine it "promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Not all of the parties have filed a declination or consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). Therefore, the court issues herein a Report and Recommendation and reassigns this case to a District Judge for final disposition, with the recommendation that the IFP application be granted and that summary remand be ordered.

## I.     IFP APPLICATION

Having evaluated Defendants' financial affidavit, the court finds that they have satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and therefore recommends that the IFP application be granted. The court next turns to the issue of subject matter jurisdiction.

## II. DIVERSITY JURISDICTION

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). A district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. "[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses . . . ." *Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993). Potential defenses to all or part of a plaintiff's claim do not affect the amount in controversy, because the defense may be shown to be invalid. *See Riggins v. Riggins*, 415 F.2d 1259, 1261-62 (9th Cir. 1969) (noting that statute of limitations defense might bar portion of relief sought did not affect amount in controversy). Similarly, the amount in controversy is determined without regard to any counterclaim to which a defendant may be entitled. *See Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977).

In the Complaint, Plaintiff alleges that it is the owner of real property in Concord, California; that Plaintiff became the owner of the property by purchasing it at a foreclosure sale in October 2014; that Defendants have occupied the property since the foreclosure sale without the consent of Plaintiff; that Plaintiff served a Notice to Quit on Defendants on December 12, 2014; and that more than 90 days have elapsed since service of the Notice to Quit without Defendants quitting and delivering possession of the property to Plaintiff. Notice of Removal at Ex. A (Complaint) at ¶¶ 1-7. Plaintiff seeks immediate possession of the property as well as damages in the amount of $60 for each day Defendants occupy the property from the expiration of the Notice to Quit through the entry of judgment.

Defendants aver that this case fulfills the diversity jurisdiction requirements simply because the amount in controversy exceeds $75,000. Notice of Removal at 2. However, Defendants have failed to indicate their citizenship or the citizenship of Plaintiff. The Complaint does not allege the citizenship of any of the parties. Furthermore, the face of the Complaint unequivocally states that the amount in controversy is under $10,000. Compl. at 1. Plaintiff seeks

1  damages of $60 per day from approximately March 12, 2015 until the entry of judgment, or about
2  $4,500 at present, which is far less than the $75,000 minimum required to establish diversity
3  jurisdiction.  Accordingly, there is no basis for exercising diversity jurisdiction over the unlawful
4  detainer action.

### III. CONCLUSION

For the reasons above, the court recommends that Defendants' IFP application be granted and that this action be remanded to the Contra Costa County Superior Court.  The Clerk is directed to reassign this case to a District Judge.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

**IT IS SO ORDERED.**

Dated: June 23, 2015

_____
Donna M. Ryu
United States Magistrate Judge